*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0341**

State of Minnesota,
Respondent,

vs.

Troy Erik Johnson,
Appellant

**Filed April 20, 2015
Affirmed
Worke, Judge**

Kanabec County District Court
File No. 33-CR-12-274

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General, St. Paul, Minnesota; and

Barbara McFadden, Kanabec County Attorney, Mora, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Leslie J. Rosenberg, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's conclusion that the stop of his vehicle was supported by reasonable suspicion. We affirm.

# FACTS

On August 24, 2012, a deputy was dispatched to a rural residence in response to a report of suspicious activities. K.H. reported that about a month earlier he saw people rummaging through his daughter's car at about 1:30 a.m. K.H. also reported that his garage had been broken into, though nothing seemed missing. The people were in a loud, dark-colored, older model, small pickup truck, such as a Ford Ranger or Chevy S-10. K.H. further reported that in the prior week, he saw such a truck traveling in front of his house with its lights off between 9 and 9:30 p.m. Then, on August 23, 2012 at about 10:30 p.m., K.H. heard the truck parked in front of his house. The truck abruptly left, apparently when its occupants saw that the house was occupied. The deputy advised K.H. that his report may be related to numerous burglaries that had occurred in the area over the summer and to call 911 if he saw the truck again.

On August 30, 2012, K.H. reported that the pickup truck was parked at the end of his driveway. K.H. followed the truck when it left. K.H. obtained the license plate number and described that the vehicle was a red Ford pickup truck with loud exhaust and a large Ford sticker. The information was dispatched with instructions to stop the vehicle.

Minutes later, an officer who was three or four miles from K.H.'s residence saw a vehicle matching the description and initiated a traffic stop. The driver was identified as appellant Troy Erik Johnson. Johnson consented to a search of his vehicle, and firearms were discovered.

2

Johnson was charged with possession of a firearm by an ineligible person, violation of a domestic-abuse no-contact order, and contempt of court (willful disobedience of a court mandate). Johnson moved to suppress the firearms, arguing that the officer lacked reasonable suspicion to stop him. The district court denied Johnson's motion, and the matter proceeded on stipulated facts. *See* Minn. R. Crim. P. 26.01, subd. 4. Johnson was found guilty of possession of a firearm and contempt of court.

This appeal follows.

## D E C I S I O N

When reviewing pretrial orders regarding the suppression of evidence, we independently review the facts and determine, as a matter of law, whether suppression was warranted. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999).

The United States and Minnesota Constitutions prohibit "unreasonable searches and seizures." U.S. Const. amend. IV; Minn. Const. art. I, § 10. "[C]onsistent with the Fourth Amendment, [an officer may] conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion [of] criminal activity." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 675 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1880 (1968)). The reasonable-suspicion standard is not high. *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008). "[T]he police must only show that the stop was not the product of mere whim, caprice or idle curiosity, but was based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *State v. Anderson*, 683 N.W.2d 818, 823 (Minn. 2004) (quotations omitted).

"The information necessary to support an investigative stop need not be based on the officer's personal observations, rather, the police can base an investigative stop on an informant's tip if it has sufficient indicia of reliability." *In re Welfare of G.M.*, 560 N.W.2d 687, 691 (Minn. 1997). "We presume that tips from private citizen informants are reliable. This is especially the case when informants give information about their identity so that the police can locate them if necessary." *Timberlake*, 744 N.W.2d at 394 (quotations and citation omitted). We consider the totality of the circumstances in determining whether the police had justification for a *Terry* stop. *State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000).

Johnson argues that the facts were insufficient to support reasonable suspicion. He contends that K.H.'s two descriptions of the vehicle are not sufficiently similar. We disagree. K.H. first reported that the individuals were in a pickup truck that was (1) loud, (2) small, (3) older, (4) dark-colored, and (5) possibly a Ford or Chevy. On August 30, K.H. described a pickup truck that was (1) loud, (2) red in color, (3) a Ford, and (4) displaying a Ford sticker. K.H. thought that it was the same truck on August 30 that he had seen on past occasions, and his two descriptions are sufficiently similar. An identified citizen informant, such as K.H., is presumed reliable. *Timberlake*, 744 N.W.2d at 394.

Johnson also argues that even if K.H. saw the same vehicle near his home several times, presence alone is not reasonably suspicious behavior justifying a stop because vehicles can be innocently in neighborhoods, near driveways, and even in close proximity to crimes scenes. This argument disregards important facts in the record. Numerous

4

burglaries had occurred in the area over the summer. K.H.'s observation of persons going through his daughter's car and breaking into his garage cannot be viewed in isolation. Indeed, the deputy likely advised K.H. of the burglaries because he thought that the incidents K.H. described could be related. An officer is allowed to consider information "in light of his . . . experience." *Id.* at 393. Additionally, K.H. did not simply note a similar vehicle, but also noted suspicious behavior associated with the vehicle: driving in the late evening with lights off and leaving abruptly in response to movement inside his residence. Such repeated suspicious conduct must be viewed in light of the past incident in which K.H.'s garage and his daughter's car had been broken into and in light of a summer of many burglaries.

The totality of the circumstances shows that the stop of Johnson's vehicle was supported by reasonable suspicion. *See Britton*, 604 N.W.2d at 87.

**Affirmed.**